**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0253n.06
Filed: April 2, 2009

No. 08-5537

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TANZ REINALDO SAMUELS, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and COOK, Circuit Judges; and WATSON, District Judge.[*]

MICHAEL H. WATSON, District Judge.  Tanz Reinaldo Samuels was convicted in New York of second degree rape in December 1999.  Based on that conviction, New York law in effect at the time required that he be designated as a sex offender and register as a sex offender for ten years.  In December 2006, Samuels moved to Kentucky, but at no time did he register as a sex offender in Kentucky or notify New York of his move.  The Sex Offender Registration and Notification Act ("SORNA") required that he register.  *See* 42 U.S.C. § 16913.

In September 2007, Samuels was indicted on one count of violating 18 U.S.C. § 2250(a), for knowingly failing to register and update a registration as a sex offender.  Samuels filed a Motion to

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Dismiss the Indictment which was denied by the district court. Samuels pleaded guilty to the Indictment. For the reasons that follow, we affirm.

## I. Background

On December 22, 1999, Samuels was convicted of second degree rape in New York state. He received a sentence of four months imprisonment, followed by five years probation. Based on the conviction, New York law designated Samuels as a sex offender and required that he register and accurately update his registration for ten years. Samuels was also required to notify the local law enforcement agency and New York authorities of any change to his home address within ten days of said change. Samuels was further notified that, if he moved to another state, he might be required to register as a sex offender in that state. Samuels registered in New York as a sex offender on December 22, 1999.

In December 2006, Samuels moved to Boone County, Kentucky. He failed to register as a sex offender in Kentucky or notify New York authorities of his new address.

On September 13, 2007, the federal grand jury in the Eastern District of Kentucky indicted Samuels on one count of violating 18 U.S.C. § 2250(a), for knowingly failing to register and update a registration as a sex offender, from on or about February 2007 and continuing through on or about August 27, 2007. On October 11, 2007, Samuels filed a Motion to Dismiss the Indictment. After briefing and argument by counsel, the district court denied Samuels's Motion to Dismiss the Indictment.

No. 08-5537
*U.S. v. Samuels*

On April 28, 2008, Samuels entered into a plea agreement pursuant to which he pleaded

guilty but reserved the right to appeal the district court's denial of his Motion to Dismiss the

Indictment. The same day, the district court sentenced Samuels to 12 months and one day in prison

and placed him on supervised release for a term of life.

Samuels now appeals.

## II. Analysis

### A.    Standard of Review

In *United States v. Grenier*, 513 F.3d 632 (6th Cir. 2008), the court discussed the standard

of review to apply for a motion to dismiss an indictment.

> The standard of review to be applied for a motion to dismiss an indictment is somewhat unclear. *United States v. Titterington*, 374 F.3d 453, 456 (6th Cir. 2004). When reviewing a district court's disposition of a motion to dismiss an indictment based on findings of fact, we have generally applied either an abuse of discretion standard or a clear error standard. *United States v. Butler*, 297 F.3d 505, 512 (6th Cir. 2002) (reviewing a motion to dismiss based on a factual determination for clear error); *United States v. Suarez*, 263 F.3d 468, 476 (6th Cir. 2001) (noting that the court has used both a clear error and an abuse of discretion standard to evaluate the dismissal of indictments based on findings of prosecutorial vindictiveness). When reviewing the district court's legal conclusions in the motion to dismiss context, we have generally undertaken *de novo* review. *United States v. Philp*, 460 F.3d 729, 732 (6th Cir. 2006) (reviewing *de novo* denial of motion to dismiss on legal grounds); *United States v. Martinez-Rocha*, 337 F.3d 566, 569 (6th Cir. 2003) (noting that the Sixth Circuit reviews a denial of a motion to dismiss involving questions of law *de*

*novo*); *United States v. Ford*, 987 F.2d 334, 339 (6th Cir. 1992) (reviewing *de novo* denial of a motion to dismiss on the ground of double jeopardy).

*Id.* at 635–36.

As Samuels challenges the legal conclusions of the district court, our review is *de novo*.

**B.      Statutory Provisions**

On July 27, 2006, President Bush signed into law Title I of the Adam Walsh Child Protection and Safety Act of 2006, which included SORNA. Congress's stated purpose in establishing a comprehensive national system for registration of sex offenders was "to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators." 42 U.S.C.A. § 16901.

SORNA imposes registration requirements on sex offenders who are subject to federal jurisdiction and imposes criminal liability for the failure to register as a sex offender. The registration requirements are as follows:

(a)      In general

A sex offender shall register, and keep registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

    (b)    Initial registration

        The sex offender shall initially register–

        (1)    before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

        (2)    not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

    (c)    Keeping the registration current

        A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

    (d)    Initial registration of sex offenders unable to comply with subsection (b) of this section

        The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913.

On February 28, 2007, pursuant to its statutory directive to specify the applicability of SORNA to sex offenders convicted before July 27, 2006, and who were unable to comply with the initial registration requirements of 42 U.S.C. § 16913(b), the Department of Justice promulgated an

interim rule declaring SORNA retroactive to sex offenders convicted prior to SORNAs enactment.

72 Fed. Reg. 8894 (Feb. 28, 2007) (codified at 28 C.F.R. § 72 (2007)) ("Interim Rule").

Failing to register as a sex offender subjects a defendant to liability pursuant to 18 U.S.C. § 2250(a), which provides:

Whoever–

(1)   is required to register under [SORNA];

(2)   (A)   is a sex offender as defined for purposes of [SORNA] by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States, or

(B)   travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3)   knowingly fails to register or update a registration as required by [SORNA]

shall be fined under this title or imprisoned not more than 10 years or both.

18 U.S.C. § 2250(a).

Accordingly, the essential elements for a § 2250(a) offense are that a defendant:

(1)   was a sex offender as defined under SORNA and, therefore, required to register under SORNA;

(2)   traveled in interstate commerce; and

(3)     knowingly failed to register or update a registration as required by SORNA.

## C.     Due Process

Samuels first argues that the district court erred in holding that SORNA did not violate his due process rights.  He maintains he was never notified of SORNA's registration requirements.  He asserts that his documentation from New York, while clearly stating he was to register as a sex offender in New York, was devoid of any requirement to register under SORNA.  Further, Samuels asserts that while Kentucky law also requires he register as a sex offender,  at the time he moved to Kentucky, Kentucky law was silent as to his requirement to register under SORNA.  As such, Samuels contends he was unaware of his duty to register under SORNA.

The district court did not err in concluding that Samuels's due process rights were not violated.  Samuels was aware of his duty to update his registration in New York.  Additionally he received notice that, if he moved to another state, he might be required to register as a sex offender in that state.  Further, notwithstanding the fact Kentucky law was silent as to the requirement to register under SORNA, Defendant concedes Kentucky law mandated he register as a sex offender in Kentucky, which he failed to do.  Notwithstanding his failure to register,  Samuels's  prior knowledge of his duty to register under state law qualified as effective notice under SORNA.  Accordingly, Samuels's due process argument is without merit.

**D.      Application of SORNA to Samuels**

Samuels next argues the district court erred in concluding SORNA applied to him. Specifically, he contends SORNA does not apply to sex offenders, like himself, who traveled in interstate commerce between the enactment of SORNA and February 27, 2007, the date the Interim Rule was promulgated.

SORNA applies to Samuels regardless of the fact he traveled in interstate commerce before promulgation of the Interim Rule.  "The bulk of [SORNA] does not make a distinction between those convicted before the Act and those convicted after. It imposes its requirements on 'sex offenders,' without qualification." *United States v. May*, 535 F.3d 912, 917 (8th Cir. 2008) (citing *United States v. Roberts*, No. 6:07-CR-70031, 2007 U.S. Dist. LEXIS 54646, 2007 WL 2155750 (W.D. Va. July 27, 2007)).  Furthermore, "42 U.S.C. § 16913(d) only applies to initial registration. This construction makes sense when one considers that a sex offender convicted before July 27, 2006, would, in many cases, be unable to comply with the initial registration requirements of SORNA because the time limits for initial registration would have already passed when SORNA was enacted." *May*, 535 F.3d at 918 (citing *United States v. Beasley,* No. 1:07-CR-115-TCB, 2007 U.S. Dist. LEXIS 85793, 2007 WL 3489999 (N.D. Ga. Oct. 10, 2007) (internal citation omitted)).

Moreover, the cases upon which Samuels relies are inapposite.  In *United States v. Kapp*, 487 F. Supp. 2d 536 (M.D. Pa. 2007) and *United States v. Smith*, 528 F. Supp. 2d 615 (S.D. W.Va. 2007), the defendants allegedly failed to register or update a registration prior to February 28, 2007.

In *United States v. Deese*, No. CR-07-167-L, 2007 U.S. Dist. LEXIS 70677, 2007 WL 2778362 (W.D. Okla. Sept. 21, 2007) and *United States v. Sallee*, No. CR-07-152-L, 2007 U.S. Dist. LEXIS 68350, 2007 WL 3283739 (W.D. Okla. Aug. 13, 2007), while the alleged failure to register or update a registration occurred both before and after February 28, 2007, the defendants' respective travel occurred before SORNA's enactment. To the contrary, Samuels's interstate travel occurred *after* SORNA's enactment and the Indictment charges him with failing to register or update a registration for time periods *after* February 28, 2007. Accordingly, SORNA applies to Samuels and he was properly charged in the Indictment.

### E.       *Ex Post Facto* **Clause**

Samuels's third argument is that the district court erred in holding that SORNA does not violate the *Ex Post Facto* Clause. "[I]t has long been recognized . . . that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990) (citations omitted). In *Smith v. Doe*, 538 U.S. 84 (2003), the Supreme Court discussed the framework to determine whether a statute violates the *Ex Post Facto* Clause.

> We must "ascertain whether the legislature meant the statute to establish 'civil' proceedings." *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997). If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is "so punitive either in purpose or effect as to negate [the State's] intention 'to deem it' civil." *Ibid.* (quoting *United States v. Ward*, 448 U.S. 242, 248-249 (1980)). Because we "ordinarily defer to the legislature's stated intent," *Hendricks, supra*, at 361, "'only the clearest proof' will

suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Hudson v. United States*, 522 U.S. 93, 100 (1997) (quoting *Ward*, *supra*, at 249); *see also Hendricks*, *supra*, at 361; *United States v. Ursery*, 518 U.S. 267, 290 (1996); *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 365 (1984).

*Id.* at 92 (parallel citations omitted).

The Eighth Circuit previously examined the issue of whether Congress intended SORNA to impose punishment for a pre-existing crime in *May*. In concluding SORNA does not violate the *Ex Post Facto* Clause, the *May* court reasoned:

> SORNA's registration requirement demonstrates no congressional intent to punish sex offenders. . . . Even though Congress's intent "was to enact a regulatory scheme that is civil and nonpunitive," we must look further to see if the statutory scheme is so punitive that it negates Congress's intention to deem the act civil. *See Smith*, 538 U.S. at 92. . . . The only punishment that can arise under SORNA comes from a violation of § 2250, which punishes convicted sex offenders who travel in interstate commerce after the enactment of SORNA and who fail to register as required by SORNA. Congress clearly intended SORNA to apply to persons convicted before the Act's passage. . . . If SORNA did not apply to previously convicted sex offenders, SORNA would not serve Congress's stated purpose of establishing a "comprehensive national system" for sex offender registration. Section 16901. . . . Section 2250 punishes an individual for traveling in interstate commerce and failing to register. The statute does not punish an individual for previously being convicted of a sex crime.

*May*, 535 F.3d at 919.

The *May* court's reasoning is sound and we adopt it. Samuels traveled in interstate commerce after the enactment of SORNA and failed to update his registration in New York and to register in Kentucky after February 27, 2008. It is this behavior that is being punished. Samuels is

not being punished for his initial 1999 rape conviction. Accordingly, Samuels's argument is without

merit.

### III. Conclusion

For these reasons, we affirm.