RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0073p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 11-5237

*v.*

DAVID WAYNE FELTS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Cookeville.
No. 10-00002-001—Todd J. Campbell, Chief District Judge.

Decided and Filed: March 12, 2012

Before: BOGGS and GIBBONS, Circuit Judges; and RUSSELL, District Judge.[*]

─────────────────

### COUNSEL

**ON BRIEF:** Jude T. Lenahan, Andrew C. Brandon, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Lynne T. Ingram, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

─────────────────

### OPINION

─────────────────

BOGGS, Circuit Judge. David Wayne Felts was convicted for failing to register under the Sex Offender Registration Notification Act ("SORNA") in Tennessee. Felts's appeal presents a case of first impression for this Circuit—can an offender be convicted for failure to register under SORNA if his home state, Tennessee, has not yet completely implemented the act? Felts challenges the district court's denial of his motion to dismiss

─────────────────

[*] The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

the indictment. In concert with six other circuits, we hold that SORNA is effective in a state, even prior to its complete implementation.   Felts's alternate constitutional arguments—that SORNA violates the Ex Post Facto Clause, the nondelegation doctrine, and the Tenth Amendment—are without merit.

## I

Felts served fifteen years of imprisonment for a 1994 conviction for rape of a child (a twelve-year-old female) on November 3, 1993 and aggravated sexual battery (a different twelve-year-old victim) on October 26, 1993.  After his release, Felts, along with his girlfriend and her six-year-old daughter, moved to Florida, and then to San Juan, Puerto Rico, without notifying the registration authorities in his home state of Tennessee. Felts was indicted on one count of failing to register under SORNA, in violation of 18 U.S.C. § 2250(a).  The district court denied Felts's motion to dismiss, after which Felts pleaded guilty.  Felts was sentenced to 24 months of imprisonment.  Felts now appeals the denial of the motion to dismiss.

This court reviews *de novo* a district court's purely legal determinations, including determinations regarding statutory construction and the constitutionality of a federal statute.  *United States v. Hart*, 635 F.3d 850, 856 (6th Cir. 2011).  Because Felts raises only legal errors, all issues before this court are reviewed *de novo*.

## II

## A

Congress passed the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq.*, on July 27, 2006 for the purpose of "creat[ing] a national system for the registration of sex offenders." *United States v. Utesch*, 596 F.3d 302, 306 (6th Cir. 2010) (citing 42 U.S.C. § 16901).  Rather than establishing a federal agency to implement SORNA, Congress, through its spending power, U.S. Const. Art. I, § 8, directed all states and the District of Columbia to create local registries that comply with specific national standards.  42 U.S.C. §§ 16911(10), 16912(a).

SORNA imposes an obligation on a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Pursuant to SORNA, a sex offender is also required, "not later than 3 business days after each change of name, residence, employment, or student status, to appear in person" to update his or her registration information. 42 U.S.C. § 16913(c). 18 U.S.C. § 2250(a) mandates that whoever "is required to register under the Sex Offender Registration and Notification Act," is a "sex offender," and if he "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act," he "shall be fined under this title or imprisoned not more than 10 years, or both."

The original deadline for states to implement SORNA was July 27, 2009. *See* 42 U.S.C. § 16924(a)(1)-(2)("Each jurisdiction shall implement this title before the later of 3 years after the date of the enactment of this Act [enacted July 27, 2006]"). Currently, 15 states have "substantially implemented SORNA's requirements": Alabama, Delaware, Florida, Kansas, Louisiana, Maryland, Michigan, Mississippi, Missouri, Nevada, Ohio, South Carolina, South Dakota, Wyoming, and most saliently, *Tennessee*. U.S. Dep't of Justice, SMART Office "Newsroom," http://www.ojp.usdoj.gov/smart/newsroom.htm (last visited Mar. 8, 2012). As of the date of Felts's federal conviction for failure to register, however, Tennessee had not yet substantially implemented SORNA. *Appellant Br.* at 13 ("Though Tennessee's own sex registration form includes notification of the federal duty to register and alerts registrants to possible federal criminal penalties of 'up to 10 years imprisonment,' Tennessee has not yet taken the additional steps required to achieve substantial implementation.").

**B**

This appeal presents a case of first impression for this circuit[1]—if Tennessee failed to implement SORNA, does Felts's failure to register in Tennessee's registry constitute a failure to register as required by SORNA?

The answer to that question—based on case law from all other circuits to look at this issue—is yes. The duty to register in a state registry is independent of a state's degree of implementation of SORNA. *United States v. Guzman*, 591 F.3d 83, 93 (2d Cir. 2010) ("SORNA creates a federal duty to register with the relevant existing state registries regardless of state implementation of the specific additional requirements of SORNA."); *United States v. George*, 625 F.3d 1124, 1128 (9th Cir. 2010) ("Without regard to whether SORNA is implemented by Washington or any other state, registration under it is required."); *United States v. Shenandoah*, 595 F.3d 151, 157 (3d Cir. 2010), *abrogated on other grounds by Reynolds v. United States*, 132 S. Ct. 975 (2012); *United States v. Brown*, 586 F.3d 1342, 1349 (11th Cir. 2009) ("SORNA was not enacted in a vacuum. To the contrary, every state and the District of Columbia had a sex offender registration law prior to 2006. An individual may therefore comply with SORNA's registration requirements by registering through the state's sex offender registry, even if that jurisdiction has not implemented SORNA's administrative procedures.") (citations omitted); *United States v. Gould*, 568 F.3d 459, 455-56 (4th Cir. 2009) ("We conclude that the requirement imposed on individuals to register is independent of the requirement imposed on the States to implement the enhanced registration and notification standards of SORNA. Accordingly, SORNA's requirement that a sex offender register applies whether registration would be accomplished through preSORNA registration facilities or under SORNA-compliant programs."); *United States v. Hinckley*, 550 F.3d 926, 939

---

[1] In *United States v. Samuels*, this court considered a related case where an offender moved from New York to Kentucky and claimed that "Kentucky law also requires he register as a sex offender, but at the time he moved to Kentucky, Kentucky law was silent as to his requirement to register under SORNA." 319 F. App'x 389, 393 (6th Cir. 2009), *abrogated on other grounds by United States v. Utesch*, 596 F.3d 302 (6th Cir. 2010). In *Samuels*, this court denied defendant's due-process challenge, and held that "Notwithstanding his failure to register, Samuels's prior knowledge of his duty to register under state law qualified as effective notice under SORNA"). *Ibid.* *Utesch* did not present a challenge based on Kentucky's failure to implement SORNA.

(10th Cir. 2008), *abrogated on other grounds by Reynolds v. United States*, 132 S. Ct. 975 (2012) (finding that defendant had "knowledge of his duty to register under similar state and federal provisions"). Felts cites no contrary precedents.

Felts argues that "SORNA . . . appears to require that persons register under its provisions only when States actually implement SORNA's regulatory scheme." *Appellant Br.* at 15. From the context, it appears that by "actually implement," Felts means that a state "fully implements" SORNA. This cannot be correct, as at the time of SORNA's enactment in 2006, no state's registry was in compliance with SORNA. For Felts's argument to be true, Congress—which provided the states with three years to comply without penalty—would have effectively rendered SORNA nugatory in any non-compliant state until 2009.

Or, if a state chooses not to comply with SORNA—its sovereign prerogative, so long as it is willing to forego federal funding—a resident-sex offender would never have to register under federal law. *See Shenandoah*, 595 F.3d at 157 ("New York and Pennsylvania may never implement SORNA, choosing, for whatever reason, to forego a portion of their federal funding. This failure to implement a federal law, however, does not give sex offenders a reason to disregard their federal obligation to update their state registrations."). At the time of the enactment of SORNA, "every state and the District of Columbia had a sex offender registration law" and "an individual may therefore comply with SORNA's registration requirements by registering through the state's sex offender registry, even if that jurisdiction has not implemented SORNA's administrative procedures." *Brown*, 586 F.3d at 1349.

We reject Felts's argument and concur with the reasoning of our sister courts. The duty of an offender to register is independent of whether or not the state has implemented SORNA. Even assuming that Tennessee's registry in 2010 was not up to SORNA's standards, Felts still could have registered with it. This much is clear. But what happens if inconsistencies between the non-complying state and federal regimes limit the ability of an offender to register?

**C**

Felts's broader argument—essentially a facial, rather than an as-applied challenge—is that *no one*, not just Felts, could be prosecuted for a violation of SORNA if there is any inconsistency between the federal and non-complying state regimes, thereby meaning that an offender would lack "fair notice" of what is prohibited. *See United States v. Williams*, 553 U.S. 285, 304 (2008) ("A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."). That is, the requirements of SORNA may or may not overlap with the existing sex-offender registries in non-compliant jurisdictions. The two regimes may differ depending on the specific provisions in question, but generally an inconsistency could take two forms: first, where the requirements under the state registry *exceed* those of SORNA, and second, where the requirements under the state registry are *less* stringent than the requirements under SORNA.

**1**

A case may arise where a non-compliant state-law contains all of the requirements that SORNA requires, and more. If an offender has fair notice of, and fulfills all of the requirements under the state law, then by definition, the offender will fulfill all of the requirements under federal law. Such a regime would not present any overlap issues. *See Shenandoah*, 595 F.3d at 157 ("SORNA defines a 'sex offender registry' as 'a registry of sex offenders, and a notification program maintained by a jurisdiction.' 42 U.S.C. § 16911(9). A registry that is operated by a state—like those operated by New York and Pennsylvania—and maintained after the effective date of SORNA satisfies this definition.") In such cases, state registries are effectively congruent with the requirements of SORNA, and there would be sufficient fair notice to satisfy due process.

**2**

The second, potentially more problematic, circumstance, occurs where the requirements under the non-compliant state registry are less onerous than the requirements under SORNA, and the offender may thus lack fair notice of what *federal* law requires.  This is what Felts alleges.  For example, 42 U.S.C. § 16915(a) lists different durations of the registration requirement based on the severity of the offense. For a Tier III sex offender, registration is required for life.  *Id.* § 16915(a)(3).  If a non-implementing state were to require registration for a period less than that mandated by SORNA, and a state official only informed an offender of the state requirement, would an offender who stopped registering after the state-prescribed period violate SORNA?

Felts raises an alternate scenario: "A defendant in a State that has not implemented SORNA and does not require that its sex offenders provide all of the listed categories . . . would naturally assume that 'registration' meant providing more information than the State required or even permitted."  *Appellant Br.* at 17.  Felts contends that such a state would be unable to process the additional information, leaving an offender subject to SORNA without fair notice and unable to fulfill the registration requirements, through no fault of his own.

The precedents from other circuits largely fail to address circumstances where an inconsistency between federal and non-complying state regimes would render it impractical, or even impossible, for an offender to register under federal law.  The other courts that have addressed this issue have seemed to assume that the federal and state requirements in non-compliant jurisdictions are identical, or perhaps simply similar enough.  This may not always be the case.

However, we need not reach this argument with respect to due process, as Felts's own conduct renders this defense unavailable.  Under any *conceivable* definition of the word "register," Felts did not register.  There is no question that Felts failed at a minimum to update his address information when he moved, with a minor, to Florida and Puerto Rico.  Felts cites no specific inconsistencies between Tennessee law and SORNA that would have rendered it "impossible for [him] to comply with SORNA in

Tennessee." *Appellant Br.* at 17. Failing to actually register lies at the core of all sex-offender registry offenses, whether the state is SORNA-compliant or not. Felts clearly did not comply with the Tennessee law in effect at the time, which was consistent with SORNA insofar as it provided for and required registration with a registry, and thus there is no due-process problem. This claim fails.

## III

Felts also argues that retroactive application of SORNA violates the Constitution's Ex Post Facto Clause, as it increases the punishments for Felts's earlier crimes. This argument has been consistently rejected. In *Smith v. Doe*, the Supreme Court upheld Alaska's sex-offender-registration statute, finding that it was not punitive, but civil in nature, and not in violation of the Ex Post Facto Clause. 538 U.S. 84 (2003). Relying on *Smith,* circuit courts have consistently held that SORNA does not violate the Ex Post Facto Clause. *See, e.g., United States v. DiTomasso*, 621 F.3d 17, 25 (1st Cir. 2010); *Guzman*, 591 F.3d at 94 (2d Cir. 2010); *Shenandoah*, 595 F.3d at 158-59; *George*, 625 F.3d at 1131; *Gould*, 568 F.3d at 466; *United States v. Young*, 585 F.3d 199, 203-06 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1207 (11th Cir. 2009); *United States v. May*, 535 F.3d 912, 919-20 (8th Cir. 2008), *abrogated on other grounds by Reynolds v. United States*, 132 S. Ct. 975 (2012); *Hinckley*, 550 F.3d at 936 (10th Cir. 2008). Felts attempts—to little avail—to distinguish SORNA from the Alaska statute in question, but fails to address the unanimous consensus among the circuits that SORNA does not violate the Ex Post Facto Clause. SORNA provides for a conviction for failing to register; it does not increase the punishment for the past conviction. Felts's crime of failing to update his sex offender registry after the enactment of SORNA was entirely separate from his crime of rape of a child and aggravated sexual battery.

## IV

Next, Felts argues that SORNA's "grant of power to the Attorney General to make it retroactive is unconstitutional" as "this provision effectively delegates broad-ranging legislative powers to the Attorney General, in violation of the

nondelegation doctrine." *Appellant Br.* at 24. SORNA delegates to the Attorney General the authority to decide how the registration requirements will be applied to sex offenders convicted "before July 27, 2006 or its implementation in a particular jurisdiction." 42 U.S.C. § 16913(d). Felts relies on precedents from before the New Deal's transformation of the Supreme Court—such as *Panama Refining Co. v. Ryan*, 293 U.S. 388, 421 (1935) and *Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935)—to bolster his case that "Congress gave the Attorney General sole discretion to determine who should be subject to SORNA" without a guiding intelligible principle, thus violating the nondelegation doctrine.

However, in light of post-New Deal cases, such as *National Broadcasting Co. v. United States*, 319 U. S. 190, 225-26 (1943), and *American Power & Light Co. v. SEC*, 329 U.S. 90, 104 (1946), and more recently, *Whitman v. American Trucking Associations, Inc.,* 531 U.S. 457 (2001), Congress's delegations under SORNA possess a suitable "intelligible principle" and are "well within the outer limits of [the Supreme Court's] nondelegation precedents." *Id*. at 474. *See United States v. Hann*, 574 F. Supp. 2d 827, 837 (M.D. Tenn. 2008) ("This delegation is limited in nature and does not afford the Attorney General the authority to legislate. The court holds that § 16913(d) does not offend the principles of the non-delegation doctrine.").

**V**

Finally, Felts raises a commandeering argument—that is, that the enforcement of SORNA violates the Tenth Amendment because it "forces Tennessee officials to register sex offenders in compliance with SORNA's onerous requirements before the State of Tennessee has an opportunity to voluntarily comply with SORNA." *Appellant Br.* at 28. The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Under the Tenth Amendment, federal officers are prohibited from conscripting, or commandeering, state officials to administer and enforce a federal regulatory program. *Printz v. United States*, 521 U.S. 898, 935 (1997). Relying on *Printz,* Felts contends that Congress cannot

"compel State officers to procure and accept registrations for a federally mandated sex offender program that the State has not voluntarily implemented." *Appellant Br.* at 30.

The United States counters that Felts "lacks standing to assert SORNA's alleged violation." *Appellee Br.* at 31. This is no longer an accurate statement of law. The United States's brief was filed on June 6, 2011, ten days before the Supreme Court decided *Bond v. United States*, 131 S. Ct. 2355 (2011). In *Bond*, the Court unanimously held that an individual can have standing to challenge the constitutionality of a act of Congress that violates the Tenth Amendment. "The individual, in a proper case, can assert injury from governmental action taken in excess of the authority that federalism defines. Her rights in this regard do not belong to a State." *Id.* at 2363-64. Further, "Federalism also protects the liberty of all persons within a State by ensuring that laws enacted in excess of delegated governmental power cannot direct or control their actions." *Id.* at 2364. In short, the Court found that "[f]ederalism secures the freedom of the individual" and "the individual liberty secured by federalism is not simply derivative of the rights of the States." *Ibid.*

The United States is wrong to assert that Felts does not have an interest in challenging SORNA. As Justice Kennedy concluded, "Fidelity to principles of federalism is not for the States alone to vindicate." *Ibid.* "Just as it is appropriate for an individual, in a proper case, to invoke separation-of-powers or checks-and-balances constraints, so too may a litigant, in a proper case, challenge a law as enacted in contravention of constitutional principles of federalism." *Ibid.* As the Court stressed, "[t]he structural principles secured by the separation of powers protect the individual as well." *Id.* at 2365.

Like Bond, Felts "is a party to an otherwise justiciable case or controversy, [and] is not forbidden to object that [his] injury results from disregard of the federal structure of our Government." *Id.* at 2367. "An individual has a direct interest in objecting to laws that upset the constitutional balance between the National Government and the States when the enforcement of those laws causes injury that is concrete, particular, and redressable." *Id.* at 2364. For Felts, the injury—incarceration in violation of

SORNA—is quite "concrete, particular, and redressable." An individual can assert that the enforcement of a law violates the Tenth Amendment, particularly when a defendant has a significant liberty interest at stake. Because Felts was prosecuted for violating SORNA, he has standing to challenge the act for being enforced in violation of the Tenth Amendment.

Nonetheless, Felts's constitutional claim fails. Under *Printz*, the "Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program." *Printz*, 521 U.S. at 935. However, SORNA does not fall under the rubric of *Printz*, but rather relies on Congress's spending power. Failure to implement SORNA results in a loss of 10% of federal funding under the Omnibus Crime Control and Safe Streets Act of 1968. 42 U.S.C. §§ 16924, 16925(a). Conditioning of funds in this manner is appropriate under *South Dakota v. Dole. See* 483 U.S. 203, 206-08 (1987) (stating that Congress's power to condition the receipt of federal funds under the spending power is valid so long as (1) the spending/withholding is in the pursuit of "the general welfare"; (2) the conditional nature is clear and unambiguous; (3) the condition is rationally related to the purpose of the federal interest, program, or funding; and (4) the conduct required to comply with the condition is not barred by the constitution itself).

Unlike the situation with the Brady Handgun Violence Prevention Act in *Printz*, Congress through SORNA has not commandeered Tennessee, nor compelled the state to comply with its requirements. Congress has simply placed conditions on the receipt of federal funds. A state is free to keep its existing sex-offender registry system in place (and risk losing funding) or adhere to SORNA's requirements (and maintain funding). Since Felts's conviction, Tennessee has come into substantial compliance with SORNA. The choice is that of the state.

SORNA does not violate the rights of Tennessee, or those of Felts as an individual, under the Tenth Amendment of the Constitution.

**VI**

The judgment of the district court is AFFIRMED.