NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0711n.06

Case No. 11-5725

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jul 03, 2012**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| DANIEL G. CARR, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; and QUIST, District Judge.[*]

ALICE M. BATCHELDER, Chief Judge.  Appellant Daniel G. Carr appeals his conviction for violating the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq*., by failing to register with the State of Tennessee as a sex offender.  His appeal raises three challenges to his conviction.  First, he argues that SORNA should be construed to require registration only after a state fully implements SORNA, which Tennessee had not done at the time of his offense.  In support, he contends that the Commerce Clause compels accepting his proposed construction.  Second, he argues that since he did not receive notice that SORNA required him to register with Tennessee as a sex offender, applying SORNA to him violates his due process rights.  Third, he argues that SORNA violates the Tenth Amendment by forcing state officials to operate the state's

---

[*]Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

sex offender registry in compliance with SORNA before the state has chosen to adopt SORNA's registration requirements. After briefing had been concluded in Carr's appeal, this Court published our opinions in *United States v. Felts*, _ F.3d _, No. 11-5237, 2012 WL 762977 (6th Cir. March 12, 2012), and *United States v. Coleman*, _F.3d_, No. 10-5283, 2012 WL 1034016 (6th Cir. March 29, 2012). Together, these opinions conclusively address all three of Carr's legal challenges. *Felts* is particularly dispositive, rejecting legal challenges that are the same as Carr's on facts that are very similar to Carr's. Indeed, the similarity is so strong that Carr described that case and the arguments it presented on appeal as essentially "identical" to his, and conceded that most of his arguments were directly foreclosed by *Felts*'s holding. And *Coleman*'s holding bolts the door that *Felts* had effectively already closed on Carr's sub-argument that the Commerce Clause requires this Court to accept his construction of SORNA.

Accordingly, we **AFFIRM**.