52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 CLEVELAND INDUSTRIAL SQUARE, INC., Plaintiff-Appellant,
v.
Michael R. WHITE, Mayor of the City of Cleveland; Danny R.
Williams, Chief Law Director for the City of Cleveland;
Kenneth G. Silliman, Chief Assistant Law Director for the
City of Cleveland; Ronald Jones, Commissioner, Division of
Environment for the City of Cleveland; and William Ondrey
Gruber, Assistant Law Director for the City of Cleveland,
Defendants-Appellees.
 No. 94-3154.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 Before: MILBURN and NELSON, Circuit Judges, and JOINER,* District Judge.
 MILBURN, Circuit Judge.
 
 
 1
 Plaintiff Cleveland Industrial Square, Inc. appeals the district court's dismissal of its complaint alleging conversion and slander of title actionable under 42 U.S.C. Sec. 1983 as a deprivation of property without due process of law. On appeal, the issue is whether the district court erred in granting defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 12(b)(6). For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 This action is part of an ongoing dispute between plaintiff Cleveland Industrial Square, Inc. and the City of Cleveland ("City"), Ohio, regarding a tract of land located at 16007 Seville Road in the City's Outerbelt Industrial Park. In 1988, the City agreed to sell plaintiff a six-acre tract of land, and on November 7, 1988, the City entered into a deed, development contract, purchase money mortgage, and security agreement with plaintiff. The deed, which was recorded in the Cuyahoga County Recorder's Office on November 29, 1988, required plaintiff to construct a 92,000 square foot building on the property within two years of the date the deed was recorded. The deed further provided that in the event such a building was not constructed, the City would have the right to reenter the property and take possession, terminate plaintiff's ownership interest in the property, and vest title in its own name.
 
 
 3
 On March 6, 1990, plaintiff submitted an application to the City for a shell building permit. Such a permit grants an applicant permission to commence construction of a building without specifying its proposed use.[1] The City approved plaintiff's request. On April 3, 1990, plaintiff applied for a use permit under the City's zoning code. However, the City denied the use permit because the intended use of the building as a trash-to-energy plant was not permitted in the area in which the property is located. The City also denied plaintiff's application for electrical permits. Plaintiff chose not to proceed with construction of the shell building, and the property remained undeveloped.[2]
 
 
 4
 In compliance with the deed, the City issued plaintiff a notice of default on March 11, 1991. A second notice was issued on March 21, 1991. These notices informed plaintiff that, according to the terms of the deed, it had three months to cure its default or forfeit ownership and possession of the property. Plaintiff failed to cure the default, and the City reentered the property on October 3, 1991, to reassert its possessory rights. On April 30, 1992, pursuant to Ohio Rev.Code Ann. Sec. 5301.252(B)(3),[3] defendant Kenneth G. Silliman, the City's chief assistant law director, filed an affidavit in the Cuyahoga County Recorder's office purporting to transfer title to the property to the City by stating that the City had reentered the property and had taken possession after plaintiff's default.
 
 B.
 
 5
 Plaintiff filed this action on July 17, 1992. The complaint sets forth two claims for relief: a claim in conversion and a claim for slander of title. Plaintiff argues that these claims are actionable under 42 U.S.C. Sec. 1983 because defendants' intentional acts "deprived the Plaintiff of its constitutional rights to due process of law." J.A. 53. Plaintiff's conversion claim alleges that on July 8, 1992, defendants removed from the Seville Road property two signs, measuring eight feet by eight feet, and some structural steel, all of which belonged to plaintiff, and thereby converted plaintiff's property. The slander of title claim concerns the affidavit purporting to transfer title filed by defendant Silliman in the Cuyahoga County Recorder's office.
 
 
 6
 Defendants filed a joint answer to plaintiff's complaint on August 31, 1992. In the answer, defendants raised for the first time the defense that plaintiff's complaint failed to state a claim on which relief could be granted. On October 2, 1992, defendants filed a motion to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief could be granted. The district court granted defendants' motion to dismiss on January 14, 1994. This timely appeal followed.
 
 II.
 
 7
 Plaintiff argues that the district court abused its discretion by granting defendants' motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Specifically, plaintiff asserts that the complaint complied with Fed.R.Civ.P. 8(a), which sets forth the requirements for a proper complaint, and likewise, that the complaint was sufficiently pled to establish a claim under 42 U.S.C. Sec. 1983. Defendants argue that plaintiff's complaint failed to allege the absence of adequate state remedies to redress the harm purportedly suffered by plaintiff and thus amounted to an inadequate pleading properly subject to dismissal.
 
 
 8
 Whether the district court properly dismissed plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir.1987). " '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Cameron v. Seitz, 38 F.3d 264, 270 (6th Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering a motion under Fed.R.Civ.P. 12(b)(6), it is not the function of the court to weigh evidence or evaluate the credibility of witnesses, Cameron, 38 F.3d at 270; instead, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir.1993); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A district court may not grant dismissal under Fed.R.Civ.P. 12(b)(6) merely because it does not believe the factual allegations of the complaint. DeLorean, 991 F.2d at 1240. Moreover, a court is required to examine the dismissal of a civil rights complaint with special care. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976).
 
 
 9
 Plaintiff argues that the district court should not have dismissed the complaint because it complied with Fed.R.Civ.P. 8(a), which requires:
 
 
 10
 (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
 
 
 11
 Fed.R.Civ.P. 8(a). Furthermore, plaintiff argues that the district court went beyond these requirements when it dismissed the first count of the complaint on the basis that plaintiff failed to allege that the steel and signs were removed from the property in accordance with a municipal policy, and when it dismissed the second count of the complaint on the basis that the facts contained in the complaint established that plaintiff had "received all the process it was due." J.A. 57. Finally, plaintiff also argues that the district court improperly determined that plaintiff had failed to plead sufficient facts under 42 U.S.C. Sec. 1983 after unnecessarily reaching a conclusion about the legal theory on which plaintiff was relying. We disagree.
 
 A.
 
 12
 In this case, the district court found that plaintiff's Sec. 1983 action alleged a violation of the right to procedural due process and judged the sufficiency of the pleadings on that basis. Plaintiff disputes this determination, arguing that Fed.R.Civ.P. 8(a) does not require a plaintiff to specify in his complaint the legal theory on which his claim rests and that the purpose of notice pleading is to give a defendant notice of the claims against him without requiring the plaintiff to develop his legal theories in detail before the conduct of discovery. See Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir.1991). However, plaintiff misconstrues the district court's findings following its review of the complaint. The district court did not dismiss plaintiff's complaint for failure to specifically state that its claims rested on procedural due process grounds. Rather, the district court merely reasoned, based on the allegations set forth in the complaint, that procedural due process was the nature of plaintiff's injury. Moreover, it was not necessary for the district court to go beyond the allegations of the complaint to reach its conclusion.
 
 
 13
 Plaintiff did not allege a violation of any of the rights explicitly guaranteed by the Constitution of the United States, nor did it allege any arbitrary action by government officials that might constitute a violation of plaintiff's substantive due process rights. Because plaintiff's complaint referred to "no other right, privilege, or immunity secured by the Constitution or federal laws other than the due process clause of the Fourteenth Amendment simpliciter," Parratt v. Taylor, 451 U.S. 527, 536 (1981), overruled to exclude simple negligence as a basis for due process claims, 474 U.S. 327 (1986), the only remaining basis for plaintiff's claim was a denial of the right to fair procedure "without due process of law." Zinermon v. Burch, 494 U.S. 113, 125 (1990). The district court did not exceed its authority by concluding that plaintiff's claim was based on procedural due process concerns; its decision was a necessary part of considering whether plaintiff's complaint was subject to dismissal. See G.M. Eng'rs & Assocs., Inc. v. West Bloomfield Township, 922 F.2d 328 (6th Cir.1990) (determining, under similar circumstances, that plaintiff had complained of a procedural due process violation, not a substantive due process violation, and that plaintiff's claim was subject to dismissal).
 
 
 14
 When a plaintiff asserts a claim for violation of his right to procedural due process, he must show not only a deprivation of life, liberty, or property, effected through state action, but he must also show that the deprivation lacked due process of law. Zinermon, 494 U.S. at 125. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 259 (1978). In this case, plaintiff alleges that defendants' reentry onto the Seville Road property and their filing of the affidavit constituted a deprivation of property without due process. However, plaintiff failed to allege facts demonstrating the absence of due process. As the district court noted in its memorandum of opinion issued on January 14, 1994, the facts set out in plaintiff's complaint demonstrate that plaintiff was notified of its default and of the City's intent to exercise its rights of reentry and reversion; that plaintiff subsequently filed an action in the Cuyahoga County Court of Common Pleas seeking declaratory and injunctive relief; that plaintiff received a hearing on its claims; and that the City did not reenter the property or exercise its ownership rights until a decision had been rendered on the matter. Plaintiff had advance warning of defendants' plan to exercise the City's ownership rights by virtue of both the provisions of the deed and the notices of default, and to that end, plaintiff pursued injunctive relief to prevent defendants' actions. The fact that plaintiff has, to date, failed in obtaining such relief does not invalidate its availability. Moreover, we note that plaintiff does not allege any deficiencies in the procedures used to adjudicate its claim or suggest any remedies for perceived shortcomings in the process. Thus, we conclude that plaintiff received a hearing before being deprived of its property and that plaintiff's claim regarding slander of title fails to state facts demonstrating the absence of due process in the deprivation of plaintiff's property. See Mathews v. Eldridge, 424 U.S. 319 (1976).
 
 
 15
 Plaintiff argues that in reaching its decision on this issue, the district court examined information outside the allegations of the complaint. However, we find that the district court considered only the facts and allegations set forth in the complaint and in those exhibits incorporated into the complaint, as well as the facts contained in the records of other proceedings involving the same dispute, which any federal court is authorized to consider pursuant to Fed.R.Civ.P. 12(b)(6) motion. Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir.), cert. denied, 449 U.S. 996 (1980); Barrett v. Baylor, 457 F.2d 119, 124 n. 2 (7th Cir.1972). Furthermore, plaintiff also argues that in reaching its conclusion that plaintiff failed to demonstrate the absence of due process, the district court considered the merits of the case. We disagree as we do not find that the district court's determination that plaintiff failed to allege any deficiency in the process it received amounted to a consideration of the merits of this litigation, which would involve a balancing of several factors.
 
 B.
 
 16
 The remaining claim in plaintiff's complaint, a "conversion" claim, also alleges that defendants violated plaintiff's procedural due process rights. Because this claim does plead facts sufficient to demonstrate a deprivation of property without due process, we must consider whether it is subject to the pleading requirements articulated by the Supreme Court in Parratt, 451 U.S. at 543, and Hudson v. Palmer, 468 U.S. 517 (1984). In Parratt, the Court considered whether an inmate stated an adequate claim for violation of his procedural due process rights when he alleged that a package containing his hobby materials had been lost as a result of prison officials' failure to follow official procedure for receipt of mail. The Court recognized that the respondent's pleading included the two essential elements in any Sec. 1983 action, state action and the deprivation of a guaranteed right, privilege or immunity, but it nonetheless held that the complaint should have been dismissed. Parratt, 451 U.S. at 543-44. The Court found that when a petitioner alleges a violation of his right to procedural due process by virtue of random and unauthorized actions by state officials depriving him of his property, the petitioner must show that there are no adequate state remedies to address the harm alleged. Parratt, 451 U.S. at 543-44. The Court reasoned that in situations in which predeprivation due process is not feasible, because swift action is required or because the injury is caused by random and unauthorized action by a state official, postdeprivation remedies are sufficient to constitute due process; they are the only remedies the state could be expected to provide. Parratt, 451 U.S. at 539; Zinermon, 494 U.S. at 128. Where such remedies are available, " 'the state action is not necessarily complete.... [T]he existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment.' " Parratt, 451 U.S. at 542 (quoting Bonner v. Coughlin, 517 F.2d 1311, 1319 (7th Cir.1975), modified en banc, 545 F.2d 565 (1976), cert. denied, 435 U.S. 932 (1978)).
 
 
 17
 Although the Parratt doctrine originally applied to negligent deprivations of property without due process of law, the Supreme Court extended the doctrine to intentional actions by state actors in Hudson v. Palmer, 468 U.S. at 533. Again, the Court determined that random, unauthorized acts by state officials do not violate the Due Process Clause as long as a meaningful postdeprivation remedy is available because "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson, 468 U.S. at 533.[4]
 
 
 18
 In Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), this court held that the requirements of Parratt apply at the pleading stage. "[I]n section 1983 suits for deprivation of property without procedural due process the plaintiff has the burden of pleading and proving the inadequacy of state processes, including state damage remedies to redress the claimed wrong." Vicory, 721 F.2d at 1063. Moreover, we stated that the plaintiff was required to "attack the state's corrective procedure as well as the substantive wrong." Vicory, 721 F.2d at 1066.
 
 
 19
 Plaintiff's complaint clearly sets forth its claim under the heading "conversion." We have already noted that this claim is not protected by any specific constitutional provision or federal law other than the Fourteenth Amendment Due Process Clause and that it is a procedural due process claim. Yet, plaintiff does not allege that it is unable to sue in replevin for recovery of the signs and steel allegedly taken from the Seville Road property or that it is unable to pursue a common law conversion action for damages. Plaintiff makes no allegations of inadequate state remedies and thereby fails to attack the available "corrective procedures." Vicory, 721 F.2d at 1066. "If [Ohio] law has procedures adequate to consider the claim for damages for the asserted violation, there is no procedural due process violation." Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993).
 
 
 20
 In Zinermon, the Supreme Court narrowed its holdings in Parratt and Hudson, stating that the Parratt doctrine bars a procedural due process claim only if 1) the deprivation was unpredictable or random; 2) predeprivation process was impossible; and 3) the state actor was not authorized to take the action that deprived the plaintiff of his property. Zinermon, 494 U.S. at 136-39. The controlling inquiry is whether the state was in a position to provide predeprivation process. Mackey v. Dyke, 29 F.3d 1086, 1093 (6th Cir.1994). Thus, before we can determine if plaintiff's claim is barred by the Parratt doctrine for failure to plead the inadequacy of available state remedies, we must determine that defendants' actions meet these criteria. See Hudson, 468 U.S. at 533. In its memorandum of opinion, the district court noted that plaintiff's complaint includes no allegation that the signs and the steel were taken as a result of municipal policy. Moreover, plaintiff has not alleged that the deprivation of property involved in this claim was caused by the application of established state procedures, to which the Parratt doctrine is clearly inapplicable. Watts v. Burkhart, 854 F.2d 839, 843 (6th Cir.1988); Macene v. MJW, Inc., 951 F.2d 700, 705-06 (6th Cir.1991). Instead, plaintiff merely alleges that defendants acted in concert to remove plaintiff's personal property from the Seville Road property. Plaintiff points to no Ohio law or regulation that authorized defendants to remove plaintiff's property without warning or without returning the property to plaintiff. Assuming plaintiff's allegations are true, as we must, the state of Ohio was powerless to offer predeprivation proceedings because it could not have anticipated defendants' actions. Therefore, we conclude that the actions alleged to constitute conversion were unauthorized, random acts not taken pursuant to any established state or municipal policy and that the conversion claim was properly dismissed for failure to plead inadequate state remedies.
 
 
 21
 "Allowing the plaintiff in this case to invoke section 1983 in the absence of a showing that state remedies are deficient would 'make of the fourteenth amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.' " Vicory, 721 F.2d at 1064 (quoting Parratt, 451 U.S. at 544). Accordingly, we conclude that plaintiff's complaint failed to state a set of facts sufficient to constitute a claim actionable under 42 U.S.C. Sec. 1983 and that the district court properly granted defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).[5]
 
 III.
 
 22
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 A shell permit does not require zoning review or approval because no use for the proposed building is included in the application. However, no new structure can be occupied without proper zoning approval expressed in a use permit
 
 
 [2]
 The information in this portion of Part I.A. is included in the interest of a full understanding of the facts. However, because this information is not included in the complaint, we will not consider it in reviewing the district court's grant of defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6)
 
 
 [3]
 Ohio Rev.Code Ann. Sec. 5301.252 provides in relevant part:
 (A) An affidavit stating facts relating to the matters set forth under division (B) of this section that may affect the title to real estate in this state ... may be recorded.... When so recorded, such affidavit ... shall be evidence of the facts therein stated, insofar as such facts affect title to real estate.
 (B) The affidavits provided for under this section may relate to the following matters:
 * * *
 (3) The happening of any condition or event that may create or terminate an estate or interest....
 
 
 [4]
 In Daniels v. Williams, 474 U.S. 327 (1986), the Supreme Court overruled its holding in Parratt, but not the so-called "Parratt doctrine," finding that acts of simple negligence by state officials cannot serve as the basis for a due process claim. Daniels, 474 U.S. at 335-36
 
 
 [5]
 The district court found that because defendants were sued only in their official capacities, this action amounted to an action against the City and that plaintiff's complaint failed to state that the acts complained of in the conversion claim were undertaken pursuant to an official custom or policy, a prerequisite to a successful claim against the City. Although we find that defendants were sued in both their individual and official capacities, we nonetheless affirm the district court's dismissal of plaintiff's complaint. We agree with the district court that plaintiff did not allege that defendants' actions were taken pursuant to a custom or policy of the City. However, even if we assume that the single instance of conversion about which plaintiff complains amounted to a custom or policy, see Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), plaintiff has failed to allege that the decision to undertake the actions was made by a person with final authority under state law to establish municipal policy with respect to the intentional conversion of plaintiff's property. City of St. Louis v. Praprotnik, 485 U.S. 112, 124 (1988); Pembaur, 475 U.S. at 481-85. Neither the mayor, nor any of the other city officials named as defendants, have the discretion to establish a municipal policy authorizing intentional conversion of the property of others. See also Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir.1993) (requiring plaintiff to identify the municipal policy causing his injury and connect the policy to the city itself)