RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0281p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

M.S. WILLMAN,

　　　　　*Plaintiff-Appellant*,

*v.*

ATTORNEY GENERAL OF THE UNITED STATES OF
AMERICA,

　　　　　*Defendant-Appellee*.

⎫
⎪
⎪
⎬  No. 19-2405
⎪
⎪
⎭

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:19-cv-10360—Gershwin A. Drain, District Judge.

Argued:  August 3, 2020

Decided and Filed:  August 26, 2020

Before:  GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:**  Daniel C. Willman, Pinckney, Michigan, for Appellant.  Ashley A. Cheung,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
**ON BRIEF:**  Daniel C. Willman, Pinckney, Michigan, for Appellant.  Ashley A. Cheung, Mark
B. Stern, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
Adele D. Nicholas, Chicago, Illinois, Richard Gladden, LAW OFFICE OF RICHARD
GLADDEN, Denton, Texas, Miriam J. Aukerman, AMERICAN CIVIL LIBERTIES UNION
FUND OF MICHIGAN, Grand Rapids, Michigan, Daniel S. Korobkin, AMERICAN CIVIL
LIBERTIES UNION FUND OF MICHIGAN, Detroit, Michigan, Paul D. Reingold,
UNIVERSITY OF MICHIGAN, Ann Arbor, Michigan, for Amici Curiae.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.

The principal issue in this appeal is whether the registration and notification obligations set forth in the federal Sex Offender Registration and Notification Act (SORNA) apply to sex offenders who are convicted under state law but are not subject to that state's sex offender registration and notification requirements. Our sister circuits have answered the question in the affirmative and so have we in an unpublished opinion, *United States v. Paul*, 718 F. App'x 360, 363–64 (6th Cir. 2017). Today, based upon the text of the statute, we follow those decisions and hold that a sex offender's obligations under SORNA are independent of any duties under state law.

Plaintiff M.S. Willman also argues that SORNA is unconstitutional for several reasons. We conclude that none of these arguments have merit and therefore affirm the judgment of the district court dismissing plaintiff's complaint.

I.

In 1993, plaintiff M.S. Willman was convicted for violating a Michigan law that prohibits "[a]ssault with intent to commit criminal sexual conduct involving sexual penetration." Mich. Comp. Laws § 750.520g(1). He served ten years in prison and completed parole. Additionally, Willman registered on Michigan's sex offender registry.

Congress, in 2006, passed the Sex Offender Registration and Notification Act (SORNA), Pub. L. No. 109-248, 120 Stat. 590, 34 U.S.C. § 20901 *et seq*. The statute aimed to "make more uniform what had remained 'a patchwork of federal and 50 individual state registration systems,' with 'loopholes and deficiencies' that had resulted in an estimated 100,000 sex offenders becoming 'missing' or 'lost.'" *Nichols v. United States*, 136 S. Ct. 1113, 1119 (2016) (citation omitted). As a part of that effort, SORNA "made it a federal crime for a sex offender who meets

certain requirements to 'knowingly fai[l] to register or update a registration as required by [SORNA].'" *Id.* at 1116 (citation omitted and alterations in original).

Willman filed his complaint in February 2019, challenging his registration and notification duties under Michigan state law and federal law. Among other things, Willman sought a declaration that SORNA was unconstitutional, and therefore he was not required to comply with it.

In April 2019, the district court entered a stipulated order regarding plaintiff and the state defendants. The order dismissed the Michigan defendants from the case with prejudice and directed them to "not enforce the 2006 and 2011 . . . amendments [to Michigan's Sex Offender Registration Act (SORA)] against [p]laintiff." Additionally, it declared that (1) "the duration of [plaintiff's] registration [under SORA] has ended"; (2) "[p]laintiff shall no longer be subject to any registration or verification requirements of SORA"; and (3) "[p]laintiff shall be removed from the SORA registry within 3 business days from the date of entry of this order."[1] Notably, the order did not mention the federal sex offender law (SORNA) or the federal defendant, the Office of the U.S. Attorney General.

Subsequently, the remaining defendant—the U.S. Attorney General—filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). He argued that all of plaintiff's constitutional claims were facially implausible. Defendant also contended that the stipulated order had "no bearing on Willman's obligations under federal law (i.e., SORNA)." The district court granted the motion to dismiss and entered judgment in favor of defendant. Plaintiff timely appealed.

---

[1]The stipulated order—regarding plaintiff, the Michigan defendants, and Michigan's Sex Offender Registration Act (SORA)—was based on our decision in *Does #1–5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016). In that case, we determined that SORA was an unconstitutional ex post facto law because it was retroactive, and its stringent restrictions (such as severe limits on where sex offenders were allowed to live and work) constituted punishment. *Id.* at 698, 701–06. Given our decision in *Does #1–5*, and plaintiff and the Michigan defendants' "wish to avoid further litigation and expense," they "consent[ed] to entry of th[e] [stipulated] order."

II.

"We review de novo a district court's decision to dismiss a complaint under Rule 12(b)(6)." *Swanigan v. FCA US LLC*, 938 F.3d 779, 783 (6th Cir. 2019). A Rule 12(b)(6) movant "has the burden to show that the plaintiff failed to state a claim for relief." *Coley v. Lucas Cty.*, 799 F.3d 530, 537 (6th Cir. 2015). "To survive a motion to dismiss, a complaint must present facts that, if accepted as true, sufficiently 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "We construe [plaintiff's] complaint in the light most favorable to [him], and accept the complaint's allegations as true, drawing all reasonable inferences in favor of [plaintiff]." *Id.* But "[w]e need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (citation omitted).

III.

The main issue in this appeal is whether SORNA applies to plaintiff, even though he lacks state-law sex offender registration and notification obligations. We hold that it does.

SORNA states that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). The statute defines "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). The term "jurisdiction" includes states of the United States, such as Michigan (which is where plaintiff resides). 34 U.S.C. § 20911(10)(A). For the purposes of SORNA, "sex offense" means, among other things, "a criminal offense that has an element involving a sexual act or sexual contact with another." 34 U.S.C. § 20911(5)(A)(i). Moreover, SORNA makes it a crime for "[w]hoever . . . is required to register under" the statute to "travel[ ] in interstate . . . commerce" and "knowingly fail[ ] to register or update a registration as required by" the statute. 18 U.S.C.

§ 2250(a). But in a SORNA prosecution for failure to register, an individual has an affirmative defense if "(1) uncontrollable circumstances prevented the individual from complying; (2) the individual did not contribute to the creation of such circumstances in reckless disregard of the requirement to comply; and (3) the individual complied as soon as such circumstances ceased to exist." 18 U.S.C. § 2250(c).

Willman's crime of conviction constitutes a sex offense under SORNA, and he does not argue otherwise. *See* Mich. Comp. Laws § 750.520g(1); 34 U.S.C. § 20911(5)(A)(i). Because he "was convicted of a sex offense," he is a sex offender under the statute. 34 U.S.C. § 20911(1). And because all "sex offender[s]" are subject to SORNA's obligations, Willman is too.

Plaintiff's arguments to the contrary are without merit. First, Willman contends that SORNA applies to him only if an applicable jurisdiction's state law requires him to be on its sex offender registry. The applicable jurisdiction here—Michigan—no longer requires Willman to be on its sex offender registry. Therefore, according to Willman, SORNA's obligations do not apply to him. The statute's text, however, does not support Willman's argument. As we explained above, SORNA's applicability to plaintiff turns on whether he is a "sex offender." 34 U.S.C. § 20913(a) ("A *sex offender* shall register, and keep the registration current . . . ." (emphasis added)). When Michigan removed Willman from its sex offender registry for the purposes of state law, he continued to be "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). Accordingly, his argument fails.

Second, plaintiff suggests our interpretation of the statute would lead to the absurd result of him having an affirmative defense to a prosecution predicated on failure to register if he offered to register in Michigan and the state declined his offer. That is speculation and would not be an absurd result.

"The obligation SORNA . . . impose[s]—the obligation to register—is imposed on sex offenders, *not states*."**2** *Stock*, 685 F.3d at 626 (emphasis added). "That obligation exists [for sex offenders] whether or not a state chooses to implement SORNA's requirements and whether or not a state chooses to register sex offenders at all." *Id.* "Because states can choose not to accept sex-offender registrations," *id.*, it is sensical (not absurd) that SORNA accounts for that by providing an affirmative defense when certain criteria are met, including when "uncontrollable circumstances prevented the individual from complying," 18 U.S.C. § 2250(c). Further, we agree with the federal government that the affirmative defense is available to Willman if Michigan does not permit him to register. After that, there is nothing else for plaintiff to do (from the perspective of SORNA) unless at least one relevant circumstance changes. Therefore, Willman's absurdity argument is unpersuasive.

Accordingly, we agree with our unpublished opinion and several of our sister circuits that federal SORNA obligations are independent of state-law sex offender duties. *See Paul*, 718 F. App'x at 364 ("[I]f Congress meant for sex offenders' SORNA requirements to depend on state registration requirements, the Act would specifically say so. Like the government, we read SORNA to bind all individuals 'convicted' of sex offenses, not just those with corresponding state obligations." (citation omitted)); *United States v. Del Valle-Cruz*, 785 F.3d 48, 55 (1st Cir. 2015) ("The triggering event for the duty to register [under SORNA] is a sex offense conviction, not a state sentence requiring registration . . . ."); *United States v. Pendleton*, 636 F.3d 78, 86 (3d Cir. 2011) ("Put simply, [the sex offender's] duty to register under SORNA was not dependent upon his duty to register under [state] law."); *United States v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015) ("SORNA imposes an independent *federal* obligation for sex offenders to register that does not depend on, or incorporate, a state-law registration requirement."); *Kennedy v. Allera*, 612 F.3d 261, 267–68 (4th Cir. 2010) (concluding that SORNA imposes obligations on a sex offender that are independent of state law).

---

**2**Instead of imposing requirements on states, SORNA "conditions federal funds on states' voluntary compliance with a federal [sex offender] registration regime." *United States v. Stock*, 685 F.3d 621, 626 (6th Cir. 2012).

IV.

Willman also asserts that SORNA is unconstitutional for several reasons. None of these claims are facially plausible.

In Count I, plaintiff alleges that SORNA is unconstitutional under the Ex Post Facto Clause. In *United States v. Felts*, however, we considered and rejected the argument that SORNA violates that provision of the Constitution. 674 F.3d 599, 605–06 (6th Cir. 2012). Moreover, several of our sister circuits have also held that SORNA does not violate the Ex Post Facto Clause. *See, e.g.*, *United States v. Wass*, 954 F.3d 184, 189–193 (4th Cir. 2020); *United States v. Parks*, 698 F.3d 1, 6 (1st Cir. 2012); *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012); *United States v. Leach*, 639 F.3d 769, 773 (7th Cir. 2011), *abrogated in part on other grounds by Nichols*, 136 S. Ct. at 1113; *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011); *United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011); *United States v. Shenandoah*, 595 F.3d 151, 158–59 (3d Cir. 2010), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. 432 (2012); *United States v. Guzman*, 591 F.3d 83, 94 (2d Cir. 2010), *as amended* (Jan. 8, 2010); *United States v. Young*, 585 F.3d 199, 206 (5th Cir. 2009); *United States v. Lawrance*, 548 F.3d 1329, 1336 (10th Cir. 2008). Therefore, Willman's Ex Post Facto Clause claim is not facially plausible.

Willman's second claim is that SORNA violates the Fifth Amendment's Double Jeopardy Clause. He concedes, however, that he did not brief this issue as part of his appeal. Plaintiff also admits that "SORNA is a civil statute to which double jeopardy does not apply." Willman therefore waived or forfeited his Double Jeopardy Clause claim. *Swanigan*, 938 F.3d at 788.

Plaintiff also asserts (Count III) that SORNA is cruel and unusual punishment prohibited by the Eighth Amendment. However, to violate the cruel and unusual punishment prohibition, a sanction must be a *punishment*. *See Cutshall v. Sundquist*, 193 F.3d 466, 477 (6th Cir. 1999). In *Cutshall*, we concluded that a state sex offender registry law did not violate the Eighth Amendment because it "d[id] not impose punishment." *Id.* And in reaching that conclusion, we relied in part on our analysis that the state law was not punishment for purposes of the Ex Post

Facto Clause. *Id.* ("Because the [state sex offender registry law] imposes no punishment, the Ex Post Facto Clause is not implicated." (emphasis omitted)). Likewise, SORNA is not a punishment for purposes of the Ex Post Facto Clause. *Felts*, 674 F.3d at 606. It follows, therefore, that SORNA is not punishment for purposes of the Eighth Amendment either. Accordingly, Willman's cruel and unusual punishment claim is not facially plausible.

Next, plaintiff alleges in Count IV that SORNA violates his First Amendment right to privacy because it makes "extensive personal information" about him publicly available on the Internet. "[T]he Constitution," however, "does not encompass a general right to nondisclosure of private information." *J. P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). Additionally, in *Cutshall*, we concluded that a sex offender challenging a state registry law "ha[d] no constitutional right to keep his registry information from being disclosed." 193 F.3d at 481. Willman offers no reason why SORNA should receive different treatment than state registry laws on this issue and we see none. *See United States v. Arnold*, 740 F.3d 1032, 1035 (5th Cir. 2014) (observing that *Cutshall*'s logic that "the Constitution does not provide [a sex offender] 'with a right to keep his registry information private,'" applies to SORNA (quoting *Cutshall*, 193 F.3d at 481)). Therefore, plaintiff's right to privacy claim is not plausible on its face.

Count V focuses on two provisions of the Constitution. Plaintiff claims that SORNA violates the Fourteenth Amendment's Privileges or Immunities Clause and Article IV's Privileges and Immunities Clause because it impermissibly restricts his right to travel. The Fourteenth Amendment's Privileges or Immunities Clause is a directive to states. *See* U.S. Const. amend. XIV, § 1. SORNA, however, is a federal statute. Therefore, to the extent Count V relies on the Fourteenth Amendment's Privileges or Immunities Clause, it is facially implausible.

Article IV's Privileges and Immunities Clause protects two components of the right to travel: (1) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State"; and (2) "for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Johnson v. City of Cincinnati*, 310 F.3d 484, 496 (6th Cir. 2002) (quoting *Saenz v. Roe*, 526 U.S. 489, 500 (1999)). SORNA requires a sex offender to register—and keep his registration current—in each

jurisdiction where he resides, is an employee, or is a student. 34 U.S.C. § 20913(a), (c). But those registration obligations do not burden a sex offender's movement in a way that violates a person's right to travel. Several of our sister circuits have also concluded that SORNA does not violate a person's constitutional right to travel. *See, e.g.*, *United States v. Holcombe*, 883 F.3d 12, 17–18 (2d Cir. 2018); *Bacon*, 631 F.3d at 878; *United States v. Byrd*, 419 F. App'x 485, 491 (5th Cir. 2011); *Shenandoah*, 595 F.3d at 163, *abrogated on other grounds by Reynolds*, 565 U.S. at 445; *United States v. Ambert*, 561 F.3d 1202, 1210 (11th Cir. 2009). A sex offender's SORNA duties would not affect the temporary-visit component of the right to travel. *See Nichols*, 136 S. Ct. at 1119 (suggesting that if a sex offender "move[d] from Kansas to California and spen[t] several nights in hotels along the way," his registration obligations would not trigger until he reached his new residence in California). Regarding the become-a-permanent-resident component of the right to travel, SORNA would treat an incoming sex offender resident no different than an existing sex offender resident—both would have the same obligation to register. Accordingly, Willman's right-to-travel claim is not facially plausible.

In Count VI, Willman asserts that SORNA's registration requirements constitute unreasonable seizures that violate the Fourth Amendment. Generally, a person is "seized" within the meaning of the Fourth Amendment when a government official (1) "applies physical force to restrain" the person or (2) "applies . . . 'a show of authority [that] has in some way restrained the liberty of [the person].'" *United States v. Jeter*, 721 F.3d 746, 751–52 (6th Cir. 2013) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). SORNA requires a sex offender to update his registration information if he moves to a new residence, place of employment, or educational institution. 34 U.S.C. § 20913(c). But those obligations do not prohibit plaintiff from exercising his liberty to go to different places, and they do not even require him to obtain permission first. *See United States v. Benevento*, 633 F. Supp. 2d 1170, 1210 (D. Nev. 2009) (observing, in a discussion of SORNA and the right to travel, that "[s]ex offenders traveling from state to state may still do so freely without first seeking permission from authorities"). Additionally, in *Hautzenroeder v. Dewine*, we concluded that Ohio's sex offender registry law—which imposes obligations that are more burdensome than SORNA's—did not render a sex offender "in custody" for the purposes of a 28 U.S.C. § 2254 habeas petition. *See* 887 F.3d 737, 741–44 (6th

Cir. 2018). Likewise, SORNA does not render Willman "seized," so his Fourth Amendment claim is not facially plausible.

The complaint's seventh count alleges that SORNA is unconstitutional in two ways. First, plaintiff claims that SORNA violates the First Amendment's overbreadth doctrine. If a challenged "law does not reach a substantial amount of constitutionally protected conduct, 'then the overbreadth challenge must fail.'" *Speet v. Schuette*, 726 F.3d 867, 873 (6th Cir. 2013) (citation omitted). SORNA makes it a crime for a sex offender—who "travels in interstate . . . commerce"—to "knowingly fail[ ] to register or update a registration as required by" SORNA. 18 U.S.C. § 2250(a). The complaint, however, does not articulate which aspects of the criminalized conduct the First Amendment protects. For that reason, Willman's overbreadth claim is not plausible on its face.

Count VII also alleges that SORNA is unconstitutionally vague under the Fourteenth Amendment's Due Process Clause. The Fourteenth Amendment's Due Process Clause is a directive to the states. *See* U.S. Const. amend. XIV, § 1. SORNA, however, is a federal law. Therefore, this claim fails from the start. But even if Willman had invoked the Fifth Amendment's Due Process Clause, which does apply to the federal government, his claim would not have been facially plausible.

To establish that a statute is unconstitutionally vague, a plaintiff must show that the statute "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes discriminatory enforcement." *United States v. Paull*, 551 F.3d 516, 525 (6th Cir. 2009) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). On appeal, Willman contends that because Michigan removed him from its registry, he is not a person "required to register under" SORNA. *See* 18 U.S.C. § 2250(a)(1). And if the government nevertheless prosecuted him, plaintiff asserts that he would lack fair notice that he was "required to register under" the statute. But, as explained earlier, SORNA is unambiguous. The statute states that "[a] *sex offender* shall register." 34 U.S.C. § 20913(a) (emphasis added). And it defines "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). A person of ordinary intelligence would know if he had been convicted of a sex offense, and he would know that being removed from his state sex offender registry—on its

own—would not change whether he had been convicted. Accordingly, Willman's vagueness claim is not plausible on its face.

V.

For these reasons, we affirm the judgment of the district court.