NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0083n.06

Case No. 25-5168

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| AVERY JASPER CHICK, | ) | **FILED** |
|  | ) | Feb 11, 2026 |
| Plaintiff-Appellant, | ) | KELLY L. STEPHENS, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| TAYLOR COUNTY, KENTUCKY FISCAL | ) | DISTRICT OF KENTUCKY |
| COURT, et al., | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) | O P I N I O N |

Before: STRANCH, BUSH, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Avery Jasper Chick alleges that two deputies at the Taylor County Jail verbally harassed and threatened him while processing him on alcohol intoxication and other charges. According to Chick, his mistreatment reached constitutional proportions, and so he sued Taylor County Fiscal Court and County Jailer Hack Marcum under 42 U.S.C. § 1983 for negligent hiring, training, and supervision of the deputies. He also brought state-law claims against the two deputies for intentional and negligent infliction of emotional distress. And he included claims against all four defendants alleging that they criminally conspired to violate his rights. The district court dismissed the lawsuit after finding that Chick failed to state a claim for relief on any count. Chick appeals the district court's decision as to all but the conspiracy claim. For the following reasons, we affirm.

## I.

In April 2023, Chick was arrested for alcohol intoxication; fleeing or evading police, 2nd degree (on foot); and resisting arrest. Once he arrived at the jail, says Chick, officials insulted and verbally disparaged him. In a verified complaint, Chick alleges that during intake at the Taylor County Jail, one of the deputies ("Unnamed Defendant #1") told Chick to remove his earrings. When Chick had trouble removing them—explaining that his ears were newly pierced—the deputy declared that he would "rip [the earrings] out with pliers" if Chick did not move quickly. (Compl., R. 1, PageID 3). Unnamed Defendant #1 also threatened to add charges against Chick for "being a dick." (*Id.*). After that, he asked Chick what he should call him: "it," "dick," or "fag." (*Id.*). A second deputy ("Unnamed Defendant #2") "acknowledged and approved" these statements. (*Id.*).

Based on this treatment, Chick brought § 1983 claims against the Taylor County Fiscal Court ("TCFC")[1] and Taylor County Jailer Hack Marcum. He asserts that because TCFC and Marcum are responsible for the deputies' actions, their failure to adequately hire, train, and supervise the two unnamed deputies violated his Fourth and Fourteenth Amendment rights under the United States Constitution. Chick also brought claims under Kentucky law for intentional infliction of emotional distress and negligent infliction of emotional distress against Unnamed Defendants #1 and #2. And he claims that all of the defendants conspired, in violation of 18 U.S.C. § 241, to violate his rights.

Defendants moved to dismiss Chick's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, dismissing the conspiracy claim with prejudice and the other claims without prejudice. The district court's order noted specifically that it was

---

[1] A fiscal court is not a court of law. Fiscal courts are local legislative bodies that govern Kentucky counties. Ky. Rev. Stat. Ann. § 67 (West 2025).

"constru[ing] any claim against Marcum as an official capacity claim" because the complaint "fail[ed] to provide sufficient notice of any claim being asserted against him in his individual capacity." (Op. and Ord., R. 12, PageID 70). Chick timely appealed.

## II.

A district court's dismissal of a complaint for failure to state a claim is subject to de novo review. *Willman v. Att'y Gen. of United States*, 972 F.3d 819, 822 (6th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Though we construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in his favor, "formulaic recitations" of the elements of a legal claim and legal conclusions "masquerading as factual conclusions" do not suffice. *Twombly*, 550 U.S. at 555; *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). We may affirm the district court's decision "on any grounds supported by the record, even if different from those relied on by the district court." *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 886 (6th Cir. 2020) (quoting *Brown v. Tidwell*, 169 F.3d 330, 332 (6th Cir. 1999)).

## III.

Chick appeals the district court's dismissal of his § 1983 claims—including the court's conclusion that Chick sued Marcum only in his official capacity—and the dismissal of his state-law claims. The district court's dismissal of Chick's conspiracy claim stands unchallenged. We therefore address the contested dismissals in turn.

**A. § 1983 Claim—Municipal Liability**

Chick argues that the district court erred by dismissing his constitutional claims against Marcum in his official capacity[2] and TCFC. Marcum and TCFC counter that Chick did not address these claims below in his response to the Rule 12(b)(6) motion. So, he failed to preserve the arguments he now raises on appeal, and they are forfeited as a result. But the defendants' contention is unavailing. Despite any failure on Chick's part to develop his argument below, the district court decided on the merits that Chick did not allege facts sufficient to establish a plausible claim for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). And "[w]hen a district court resolves an issue, the losing party can challenge it." *United States v. Clariot*, 655 F.3d 550, 556 (6th Cir. 2011). We therefore turn to the merits.

To hold TCFC or Marcum liable under *Monell*, Chick had to allege that an unconstitutional policy or custom "actually caused" his injuries. *Connick v. Thompson*, 563 U.S. 51, 70 (2011); *see also Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 598–99 (6th Cir. 2025). As a corollary to that principle, municipalities are not liable "for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Therefore, merely employing a tortfeasor is insufficient to impose *Monell* liability. *Id.*; *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1038 (6th Cir. 2024). A plausible claim for relief is one that includes facts sufficient to make out one of four theories of municipal liability: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of

---

[2] Claims against government officials in their official capacity are treated as the equivalent of a claim against the governmental entity itself. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("The real party in interest is the government entity, not the named official"). As such, Chick's official-capacity claim against Marcum is the same as a lawsuit against Taylor County.

a custom of tolerance or acquiescence of federal rights violations." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (citation omitted) (failure to train or supervise); *see also Kovalchuk*, 95 F.4th at 1039 (hiring).

Chick has not pleaded facts identifying a policy or custom that could serve as the basis for *Monell* liability. The most he alleges in this regard is that the defendants are "responsible for" the deputies' actions. (Compl., R. 1, PageID 5). But *Monell* has long since disclaimed *respondeat superior* as a basis for municipal liability. 436 U.S. at 691.

Nor do Chick's bare-bones allegations state a claim for inadequate training or supervision. To do so, he would have to allege facts sufficient to plausibly show that (1) the County's "training program was inadequate for the tasks that officers must perform"; (2) "the inadequacy was the result of [the County or one of its officials'] deliberate indifference"; and (3) "the inadequacy was closely related to or actually caused the injury." *Jackson*, 925 F.3d at 834 (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)). Deliberate indifference is "a stringent standard of fault" that requires a plaintiff to identify "either (1) prior instances of unconstitutional conduct demonstrating that [a municipality or an official] had notice that the training was deficient and likely to cause injury but ignored it" or (2) "evidence of a single violation of federal rights, accompanied by a showing that [a municipality or an official] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Id.* at 836 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410 (1997), then *Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 794 (6th Cir. 2012) (citation modified)).

Chick's complaint parrots some of this language but does no more. For instance, he asserts that "the constitutionally offensive . . . training and supervision . . . is inadequate to the task that the officer must perform," that TCFC's "deliberate indifference" was "'closely related to' and/or

'actually caused'" his injuries, and that "hiring or retaining [the deputies] created a foreseeable risk of harm[.]" (*Id.* at PageID 5–6). But these averments are conclusory. And gesturing toward the proper legal standard is different from articulating facts to plausibly support a legal claim. So we agree with the district court's dismissal of Chick's *Monell* claims.

### B. Individual-Capacity Claim

The district court found that the complaint did not "provide sufficient notice of any . . . individual capacity" claim against Marcum. (Op. and Ord., R. 12, PageID 70 n.1). On appeal, Chick says that he alleged both individual- and official-capacity claims against Marcum. Defendants argue that he forfeited this argument also. But the defendants did not argue below that Chick sued Marcum solely in his official capacity. Indeed, the defendants conceded that Marcum was sued in both capacities. Hence, the district court decided the issue sua sponte and we will not treat it as forfeited. An issue "fully addressed" by the district court and "fully briefed" by the parties is fair game on appeal. *Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 444 (6th Cir. 2012) (citation omitted). That is the case here.

When it is unclear whether a complaint states individual- or official-capacity claims, "we will construe it as raising official-capacity claims unless the 'course of proceedings' has clarified that the plaintiff seeks to hold the defendants personally liable." *New Albany Main St. Props. v. Watco Companies, LLC*, 75 F.4th 615, 632 (6th Cir. 2023) (collecting cases). "Course of proceedings" is legal shorthand for gauging if the defendants "have received notice of the plaintiff's intent to hold them personally liable." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc).

Here, the complaint expressly states that "Defendants are sued . . . in both their individual . . . [and] official capacities." (Compl., R. 1, PageID 2). And if that were not enough, the course

of proceedings clarifies any lingering ambiguity. Indeed, a large portion of the parties' briefing revolved around how the court should construe the individual claim against Marcum. Nonetheless, the district court's dismissal of the complaint in its entirety was not improper.

Even viewed in the light most favorable to Chick, the complaint fell short of alleging facts sufficient to plausibly hold Marcum personally liable. At minimum, "[a]n individual capacity claim . . . requires an allegation of personal liability." *Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025). This means that the plaintiff must identify "specific action" taken by the defendant. *Id.* (citation omitted). The bulk of Chick's factual allegations, however, pertain to actions taken by Unknown Defendants #1 and #2. Chick says Marcum is accountable for these defendants' actions because of various supervisory failings. But it is not enough to say that Marcum was "responsible for the actions" of his deputies. (*Id.* at PageID 5). An official "cannot be held liable simply because . . . [he] was charged with overseeing subordinate officers." *Id.* (citation omitted). The officials' own actions must have violated the constitution. On that front, Chick included no information in his complaint about Marcum's specific role, if any, in hiring, training, or supervising Unknown Defendants #1 and #2. Nor did he identify any measures Marcum allegedly undertook in those areas. Alleging merely that Marcum "failed to adequately hire, train and supervise" is the kind of "threadbare recital" of a claim that we have previously rejected. (*Id.*); *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (citing *Ashcroft*, 556 U.S. at 678 (citation modified)).

Consequently, the district court properly dismissed the claims whether construed as official-capacity only or as both official- and individual-capacity claims. Indeed, we have affirmed such dismissals even when the district court erroneously construed joint individual- and official-capacity claims as only stating an official-capacity claim. *See, e.g., Cleveland Indus. Square, Inc.*

*v. White*, 52 F.3d 324, 1995 WL 154912, at *6 n.5 (6th Cir. 1995) (unpublished table decision); *see also Thomas v. Montgomery*, 140 F.4th 335, 344 (6th Cir. 2025) ("[B]ecause we conclude that the district court correctly dismissed plaintiffs' claim for failure to state a claim, we need not address defendants' remaining arguments.").

The fatal flaw of Chick's complaint was not ambiguity about whether he was pursuing a claim for individual liability. It was his failure to make factual allegations stating plausible claims for relief. The district court addressed Chick's stated grounds for § 1983 liability, identified and applied this circuit's caselaw, and found that Chick "ha[d] not articulated" how Marcum's conduct violated Chick's constitutional rights. (Op. and Ord., R. 12, PageID 75). We see no reason to disturb its judgment on these claims.

**C. State Torts**

The district court also granted the defendants' motion to dismiss Chick's claims for intentional and negligent infliction of emotional distress. Unlike his municipal liability claims, Chick provided argument below to counter the defendants' motion to dismiss these claims. He therefore preserved the issues for appeal. But Chick largely failed to develop any argument to save the claims on appeal.[3]

Here, the problem with both state claims is the same: Chick recites the elements of each tort without alleging specific facts to undergird his claims. His brief summarily asserts that the district court erred in dismissing his tort claims. But he neither explains how the district court

---

[3] When an appellant omits an argument from their opening brief, we typically treat that argument as forfeited. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019). And mentioning but failing to develop an argument on appeal is treated the same way as omitting an argument. *Lou's Transp., Inc. v. Nat'l Lab. Rels. Bd.*, 945 F.3d 1012, 1027 (6th Cir. 2019). For instance, we have found arguments forfeited when a party has advanced only "conclusory" or "sparse" assertions without citing authority. *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022); *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 896 (6th Cir. 2025). Thus, when an appellant mentions an issue but does not further develop the issue in the argument section of their brief, that issue is forfeited. *See Bard v. Brown Cnty., Ohio*, 970 F.3d 738, 750 (6th Cir. 2020).

erred nor points to any caselaw to support his argument. Instead, he repeats allegations verbatim from the complaint. Our obligation to construe the complaint in the light most favorable to Chick does not require us to "put flesh on [the] bones" of his arguments. *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (citation modified). Thus, Defendants make a strong case for forfeiture. But even if Chick included sufficient argument to avoid forfeiture, the result is the same: His state claims fail.

To state a claim for intentional infliction of emotional distress under Kentucky law, Chick needed to allege facts showing that the defendants acted intentionally or recklessly, and in a manner so egregiously outrageous and intolerable, that it caused him severe emotional distress. *Osborne v. Payne*, 31 S.W.3d 911, 913–14 (Ky. 2000); *see also Meade v. AT&T Corp.*, 657 F. App'x 391, 398 (6th Cir. 2016) (collecting cases). And his negligent infliction of emotional distress claim required him to allege facts that would support the four typical elements of a negligence claim—duty, breach, causation, and damages—with the caveat that the emotional injury must be "severe." *Osborne v. Keeney*, 399 S.W.3d 1, 17–18 (Ky. 2012). In Kentucky, only plaintiffs who experience "severe" or "serious" emotional injuries can recover under either alleged tort. *Id.*

Crucially, Chick failed to include in his complaint facts that could plausibly establish the lynchpin of his tort claims: that the jailers' actions caused him to suffer severe emotional distress. *See id*. Chick just declares, without further detail, that he suffered "several (sic) mental distress and anguish" (Count Two—IIED) and "serious emotional distress" (Count Three—NIED). (Compl., R. 1, PageID 6–7). However, from the few facts Chick has alleged, these broad statements do not raise a reasonable inference of intentional or reckless conduct that "deviat[es] from all reasonable bounds of decency[.]" *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984). So the

district court was right to dismiss these claims.  Not only was Chick's "formulaic recitation" of each tort's elements far afield from federal pleading standards.  *Twombly*, 550 U.S. at 555.  But also, his conclusory allegations were "precisely the kind[] . . . that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency."  *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013).  Therefore, we agree that Chick did not state a claim for which relief could be granted.

## IV.

For these reasons, we affirm the district court.